IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-258-D

| | |
|---|---|
| LISA N. CONE-SWARTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PRESS GANEY ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

Lisa N. Cone-Swartz ("Cone-Swartz" or "plaintiff") seeks relief under the Americans with Disabilities Act (as amended), 42 U.S.C. §§ 12101–12213 ("ADA"), and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1–95-25.25. See Am. Compl. [D.E. 31]. On May 9, 2014, Press Ganey Associates, Inc. ("Press Ganey" or "defendant") moved to dismiss Cone-Swartz's ADA retaliation claim because the claim exceeds the scope of Cone-Swartz's EEOC charge. See [D.E. 32]; Fed. R. Civ. P. 12(b)(1). Press Ganey also filed a memorandum in support. See [D.E. 33]. On June 2, 2014, Cone-Swartz responded in opposition. See Pl.'s Mem. in Opp. [D.E. 36]. On June 17, 2014, Press Ganey replied. See [D.E. 40]. As explained below, Press Ganey's motion to dismiss the ADA retaliation claim is granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac

R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, 945 F.2d at 768.

Before filing suit under the ADA, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. See, e.g., Sydnor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012); Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). A plaintiff's failure to exhaust administrative remedies deprives the court of subject-matter jurisdiction over an unexhausted claim. See, e.g., Jones, 551 F.3d at 300–01.

A plaintiff's EEOC charge determines the scope of her right to file suit. In order to ensure that the plaintiff's employer has notice of the plaintiff's allegations and that the EEOC has an opportunity to resolve the parties' dispute, a plaintiff cannot raise claims in litigation that did not appear in her EEOC charge. See Sydnor, 681 F.3d at 593. However, because laypersons, rather than lawyers, often complete EEOC charges, the administrative charge "does not strictly limit" a plaintiff's subsequent civil suit. Id. at 594 (quotation omitted). Instead, the court must construe the charge liberally, and allow the plaintiff to advance claims in litigation that "are reasonably related to [her] EEOC charge and can be expected to follow from a reasonable administrative investigation." Sydnor, 681 F.3d at 594 (quotation omitted); Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407–08 (4th Cir. 2013).

Press Ganey argues that this court lacks subject-matter jurisdiction over Cone-Swartz's ADA retaliation claim in the amended complaint because the claim exceeds the scope of her EEOC charge. Specifically, Press Ganey contends that Cone-Swartz's EEOC charge did not provide sufficient notice of her ADA retaliation claim. In support, Press Ganey cites Cone-Swartz's EEOC charge and notes that Cone-Swartz did not check the retaliation box or otherwise assert retaliation when

2

completing her EEOC charge. Cf. Am. Compl., Ex. A (copy of EEOC charge).

In opposition, Cone-Swartz makes two arguments. First, Cone-Swartz argues that she did not have to exhaust her administrative remedies concerning her ADA retaliation claim and could assert her ADA retaliation claim for the first time in federal court. See Pl.'s Mem. in Opp. 11. Second, Cone-Swartz concedes that she did not check the retaliation box on her EEOC charge, but claims that she described retaliatory conduct in her EEOC intake questionnaire and that her retaliation claim thereby fell within the reasonable scope and investigation of her ADA reasonable accommodation claim and her ADA failure to promote claim. See id. 11–15.

Cone-Swartz's first argument fails where (as here) the alleged retaliation occurred before the charging party filed an EEOC charge, and the charging party could have alleged retaliation in the charge. See, e.g., Miles v. Dell, Inc., 429 F.3d 480, 491–92 (4th Cir. 2005); Wilson v. Dimario, 139 F.3d 897, 1998 WL 168346, at *2 (4th Cir. Mar. 31, 1998) (per curiam) (unpublished table opinion); Baker v. Runyon, 951 F. Supp. 90, 91 n.1 (E.D.N.C. 1996).

As for the second argument, Cone-Swartz's EEOC "intake questionnaire ... cannot be read as part of her formal discrimination charge without contravening the purposes of [the ADA]." Balas, 711 F.3d at 408. Moreover, and in any event, neither the EEOC charge nor the intake questionnaire sufficiently put Press Ganey on notice of Cone-Swartz's ADA retaliation claim. Thus, the court lacks subject-matter jurisdiction over that claim. See Jones, 551 F.3d at 300–01, 304; Chacko v. Patuxent Inst., 429 F.3d 505, 509–13 (4th Cir. 2005); Miles, 429 F.3d at 491–92; Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132–33 (4th Cir. 2002); Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 148–50 (4th Cir. 1999); Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156–57 (4th Cir. 1995). Accordingly, the court grants Press Ganey's motion to dismiss the ADA retaliation claim in Cone-Swartz's amended complaint for lack of subject-matter jurisdiction.

3

In sum, defendants' motion to dismiss [D.E. 32] the ADA retaliation claim in plaintiff's amended complaint is GRANTED under Rule 12(b)(1). Plaintiff's ADA retaliation claim in count three of the amended complaint is DISMISSED.

SO ORDERED. This 21 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge